**CITATION**

| | | |
|---|---|---|
| LOGAN MILSTEAD |  | Case: 073334<br>Division: C<br>18th Judicial District Court<br>Parish of Iberville<br>State of Louisiana |
| Versus | | |
| TOTAL PETROCHEMICALS & REFINING USA, ET AL | | |

The State of Louisiana and said Court to
  TOTAL PETROCHEMICALS & REFINING USA, INC.
  THROUGH ITS AGENT FOR SERVICE OF PROCESS: CT CORPORATION
  5615 CORPORATE BOULEVARD, STE. 400B
  BATON ROUGE, LA 70808

You are hereby summoned either to comply with the demand contained in the ORIGINAL PETITION FOR DAMAGES petition of the said PLAINTIFF- LOGAN MILSTEAD a copy of which accompanies the citation, or deliver your answer to the said petition in the office of the Clerk of said Court, held at the Court House at Plaquemine, in said Parish, within 15 days after the service hereof, under penalty of default.

WITNESS THE HONORABLE ALVIN BATISTE, JR., JUDGE OF SAID COURT, this 11TH day of FEBRUARY, 2014.

_____
Deputy Clerk of Court

---

**Service Information**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

*Personal Service* on the party herein named _____.

*Domiciliary Service* on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20____.

Service    $_____
Mileage    $_____         By: _____
Total      $_____              Deputy Sheriff

[ ORIGINAL ]

Exhibit "A"

SERVE

## 18th JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERVILLE
## STATE OF LOUISIANA

NO.: 73334                                    DIV.: " ◯ "

### LOGAN MILSTEAD

### VERSUS

### TOTAL PETROCHEMICALS & REFINING USA, INC., TURNER INDUSTRIES GROUP, L.L.C., BRAND ENERGY & INFRASTRUCTURE SERVICES, INC., FRYOUX BARGE CONSULTANTS, INC., FRYOUX CONSULTING, L.L.C., FRYOUX TANKERMAN SERVICE, INC., AND FRYOUX MARINE, L.L.C.

FILED: _____        _____
                                          DEPUTY CLERK
*************************************************************************

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, LOGAN MILSTEAD, a person of the full age of majority and a domiciliary of the Parish of East Baton Rouge, State of Louisiana, who respectfully avers, as follows:

### I.
### PARTIES

1. Named Plaintiff herein is:

    a. LOGAN MILSTEAD, who is a person of the full age of majority with procedural capacity to bring this action and a domiciliary of East Baton Parish, State of Louisiana;

2. Named defendant herein is:

    a. TOTAL PETROCHEMICALS & REFINING USA, INC., [hereinafter "TOTAL"], a foreign corporation licensed to do and doing business within the State of Louisiana, who is the owner of the dock on which Plaintiff was working on the date of Plaintiff's accident, as well as the loading arm at issue in the instant matter, and whose agent for service of process is CT Corporation System;

    b. TURNER INDUSTRIES GROUP, L.L.C., [hereinafter "TURNER"], a domestic company licensed to do and doing business within the State of Louisiana, who was a subcontractor aboard the dock on which Plaintiff was working on the date of Plaintiff's accident at issue in the instant matter, and whose registered agents are John H. Fenner, III and Max C. Marx;

    c. BRAND ENERGY & INFRASTRUCTURE SERVICES, INC., [hereinafter "BRAND"], a foreign corporation licensed to do and doing business within the State of Louisiana, who was a subcontractor aboard the dock on which Plaintiff was working on the date of Plaintiff's accident at issue in the instant matter, and whose agent for service of process is CT Corporation System;

d. **FRYOUX BARGE CONSULTANTS, INC.**, a domestic corporation licensed to do and doing business within the State of Louisiana, who owned the barge moored to the dock on the date of Plaintiff's accident at issue in the instant matter, and whose registered agent is J. Raymond Fryoux;

e. **FRYOUX CONSULTING, L.L.C.**, a domestic company licensed to do and doing business within the State of Louisiana, who owned the barge moored to the dock on the date of Plaintiff's accident at issue in the instant matter, and whose registered agent is J. Raymond Fryoux;

f. **FRYOUX TANKERMAN SERVICE, INC.**, a domestic corporation licensed to do and doing business within the State of Louisiana, who owned the barge moored to the dock on the date of Plaintiff's accident at issue in the instant matter, and whose registered agent is James R. Fryoux, II;

g. **FRYOUX MARINE, L.L.C.**, a domestic company licensed to do and doing business within the State of Louisiana, who owned the barge moored to the dock on the date of Plaintiff's accident at issue in the instant matter, and whose registered agent is James R. Fryoux, II;

## II.
## JURISDICTION AND VENUE

Venue is proper in the Parish of Iberville pursuant to articles 42, 74 and 76 of the Louisiana Code of Civil Procedure because the accident which is the subject matter of this lawsuit occurred in Iberville Parish. Furthermore, Venue and Jurisdiction is proper in the Parish of Iberville pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333.

## III.

The amount in controversy in this case and the subject matter upon which this case is based are sufficient to justify jurisdiction of this Court.

## IV.
## FACTS

At all times material and pertinent herein, Plaintiff, Logan Milstead, was employed with SGS North America, Inc. [hereinafter, "SGS"], as a "dockman" assigned to test the chemical being transferred between the Total plant and the barges or ships that moored to the floating dock owned and operated by Defendant, Total and also aid in the connection of the chemical hoses to the moored barges or ships. The chemical hoses were connected to the moored barges or ships by using a "loading arm" through which chemical was transferred. Plaintiff would disengage the locking pin which would then allow the "loading arm" to move freely. Plaintiff would give a rope connected to the "loading arm" to allow the "tankerman" aboard the moored barge or ship

to connect the "loading arm" to the moored barge or ship. Thereafter, Plaintiff would fulfill his chemical testing job responsibilities.

V.

At all times material and pertinent herein, Plaintiff, Logan Milstead's job duties required Plaintiff to work aboard a floating dock, located in the Mississippi River and moored alongside the East Bank landing of the Mississippi River in Iberville Parish.

VI.

At all times material and pertinent herein, the said floating dock and "loading arm" was owned and operated by Defendant, Total.

VII.

At all times material and pertinent herein, SGS, Plaintiff's employer, was aboard the floating dock owned by Defendant, Total. SGS and its employees were responsible for testing the transferred chemical and aid in the connecting of the Total chemical hoses used during the transferring of chemical between the Total chemical plant and the barges and ships moored to the Total floating dock.

VIII.

At all times material and pertinent herein, Defendant, Turner, was aboard the floating dock owned by Defendant, Total, as a subcontractor of Defendant, Total. Defendant, Turner, performed maintenance and other services on the Total floating dock including, but not limited to, the positioning of scaffolding and other equipment and materials.

IX.

At all times material and pertinent herein, Defendant, Brand, was aboard the floating dock owned by Defendant, Total, as a subcontractor of Defendant, Total. Defendant, Brand, performed maintenance and other services on the Total floating dock including, but not limited to, the positioning of scaffolding and other equipment and materials.

X.

At all times material and pertinent herein, Fryoux Barge Consultants, Inc., Fryoux Consulting, L.L.C., Fryoux Tankerman Services, Inc., Fryoux Marine, L.L.C., [hereinafter referred to collectively as "Fryoux Defendants"], were moored to the floating dock which was

owned and operated by Defendant, Total, for the purpose of filling the Fryoux Defendants' barge with chemical from the chemical plant owned by Defendant, Total.

XI.

On or about December 14, 2013, Plaintiff, Logan Milstead, was aboard the floating dock owned by Defendant, Total, fulfilling his job responsibilities. After the Total chemical hoses were connected to the Fryoux Defendants' barge, chemical was being transferred from the Total chemical plant to the Fryoux barge. Plaintiff then went to his designated area on the floating dock when Plaintiff heard a loud noise and was subsequently called by the Fryoux Defendants' "tankerman" over the radio or "walky-talky" requesting that Plaintiff inspect the Total "loading arm."

XII.

Due to scaffolding placed on the Total floating dock by Defendants, Turner and Brand, Plaintiff could not see the loading arm from his designated area. Plaintiff was forced to traverse through the scaffolding placed on the Total floating dock by Defendants, Brand and Turner, in order to make visual contact with the loading arm so Plaintiff could inspect the possible cause of the loud noise.

XIII.

Upon exiting the scaffolding placed on the Total dock by Defendants, Turner and Brand, Plaintiff was underneath the "counterweight" connected to the Total "loading arm." Said counterweight is estimated to weigh three thousand pounds (3000 lbs.).

XIV.

Suddenly and unexpectedly, the Total "loading arm" broke or failed causing the "counterweight" connected to the Total "loading arm" to improperly fall on Plaintiff causing Plaintiff personal injuries. After approximately one and a half hours of being trapped underneath the 3000 lb. "counterweight," Plaintiff was transported to Our Lady of the Lake Hospital in Baton Rouge, Louisiana where he underwent emergency traumatic surgery on his leg.

XV.

Plaintiff alleges that at all material and pertinent times herein, Defendant, Total, supplied, maintained and had custody and control of the said "loading arm" from which Plaintiff was injured as well as the floating dock on which it was located.

### XVI.

Plaintiff alleges that the accident and injuries herein set forth occurred through no fault of his own, but that same were proximately caused by the negligent acts of omission and commission, within the purview of the General Maritime Law, on the part of Defendant, Total, the general contractor on the said project, owner of the said dock and owner of the said "loading arm" and for which said Defendant, Total, is responsible, including particularly, but not exclusively, the following, all of which said Defendant, Total, either knew about, or should have known:

1. Failing to provide Plaintiff with a reasonably safe place in which to work, including a safe means of traversing from Plaintiff's designated area on the floating dock to the "loading arm;"

2. Failing to take reasonable and prudent steps to provide Plaintiff with reasonably safe and adequate equipment in which to perform his duties, including failing to provide a reasonable means of ingress and egress to and from the loading arm and failing to provide a safe "loading arm" in and of itself;

3. Failing to exercise reasonable care to detect and remedy unreasonably dangerous and inadequate working conditions, about which the Defendant, Total, knew and of which Defendant, Total, was specifically made aware;

4. Failing to allow Plaintiff the use of other available means of ingress and egress to and from the "loading arm;"

5. Failing to maintain, service, and operate the said "loading arm" in a reasonably prudent manner so as to prevent it from breaking and/or failing and causing injuries to those in Plaintiff's position;

6. In all other ways that may be shown at the trial of this matter after proper discovery.

### XVII.

Plaintiff alleges that the accident and injuries herein set forth occurred through no fault of his own, but that same were proximately caused by the negligent acts of omission and commission, within the purview of the General Maritime Law, on the part of Defendant, Turner, a sub-contractor on the said dock, an owner of the said scaffolding and other equipment and materials aboard the floating dock for which said Defendant, Turner, is responsible, including particularly, but not exclusively, the following, all of which said Defendant, Turner, either knew about, or should have known:

1. Failing to provide Plaintiff with a reasonably safe place in which to work, including a safe means of traversing from Plaintiff's designated area on the floating dock to the "loading arm;"

2. Failing to take reasonable and prudent steps to remove said scaffolding from the Total floating dock upon completion of the work for which the scaffolding was used;

3. Failing to exercise reasonable care to detect and remedy unreasonably dangerous and inadequate working conditions, about which the Defendant, Turner, knew and of which Defendant, Turner, was specifically made aware;

4. Failing to allow Plaintiff the use of other available means of ingress and egress to and from the "loading arm;"

6. In all other ways that may be shown at the trial of this matter after proper discovery.

### XVIII.

Plaintiff alleges that the accident and injuries herein set forth occurred through no fault of his own, but that same were proximately caused by the negligent acts of omission and commission, within the purview of the General Maritime Law, on the part of Defendant, Brand, a sub-contractor on the said floating dock, an owner of the said scaffolding and other materials and equipment aboard the floating dock for which said Defendant, Brand, is responsible, including particularly, but not exclusively, the following, all of which said Defendant, Brand, either knew about, or should have known:

1. Failing to provide Plaintiff with a reasonably safe place in which to work, including a safe means of traversing from Plaintiff's designated area on the floating dock to the "loading arm;"
2. Failing to take reasonable and prudent steps to remove said scaffolding from the Total floating dock upon completion of the work for which the scaffolding was used;
3. Failing to exercise reasonable care to detect and remedy unreasonably dangerous and inadequate working conditions, about which the Defendant, Brand, knew and of which Defendant, Brand, was specifically made aware;
4. Failing to allow Plaintiff the use of other available means of ingress and egress to and from the "loading arm;"
6. In all other ways that may be shown at the trial of this matter after proper discovery.

### XIX.

Plaintiff alleges that the accident and injuries herein set forth occurred through no fault of his own, but that same were proximately caused by the negligent acts of omission and commission, within the purview of the General Maritime Law, on the part of Defendants, Fryoux Defendants, an owner of the said barge moored to the Total floating dock and for which said Defendants, Fryoux Defendants, are responsible, including particularly, but not exclusively, the following, all of which said Defendants, Fryoux Defendants, either knew about, or should have known:

1. Failing to properly use the hoses connected to the "loading arm;"
2. Failing to properly warn Plaintiff of the broken or failed "loading arm;"
3. Failing to exercise reasonable care to detect and remedy unreasonably dangerous and inadequate working conditions, about which the Defendant, Fryoux Defendants, knew and of which Defendant, Brand, was made aware;
4. In all other ways that may be shown at the trial of this matter after proper discovery.

### XX.

As a result of the accident in question, Plaintiff, Logan Milstead, has suffered the following severe, disabling, and non-exclusive damages:

a. Past, present, and future physical pain and suffering;

b. Past, present, and future mental anguish;

c. Past, present, and future medical expenses;

d. Past, present, and future loss wages;

e. Disability and permanent physical impairment;

f. Loss of enjoyment of life; and

g. Any and all other elements of damages which may be proven at trial of this matter.

all for which Plaintiff seeks reasonable and just compensation, consistent with the evidence that will be presented at the trial of this matter.

### XXI.

Plaintiff hereby demands a jury trial on all issues.

### XXII.

**WHEREFORE**, Plaintiff, Logan Milstead, prays that this Petition be deemed good and sufficient; that Defendants be duly cited and served with a true copy of this Petition and required to answer same; that after due proceedings had, that there be judgment in Plaintiff's favor and against Defendants, Total, Turner, Brand, and Fryoux Defendants, for the damages claimed herein, penalties, attorney's fees, together with all costs of these proceedings, judicial interest from date of judicial demand until paid, and all other relief as is equitable or allowed by Louisiana law.

Respectfully Submitted,

FRISCHHERTZ, POULLIARD, FRISCHHERTZ
& IMPASTATO, LLC

*[signature]*

LLOYD N. FRISCHHERTZ (#5749)
MARCUS J. POULLIARD (#10641)
MARC L. FRISCHHERTZ (#29194)
DOMINICK F. IMPASTATO, III (#29056)
ANTHONY J. IMPASTATO (#34604)
1130 St. Charles Avenue
New Orleans, LA 70130
Telephone - (504) 523-1500

FILED
2014 FEB 10 A 10:56
S/Treshell N. Jones
DY CLERK-EX OFFICIAL
IBERVILLE, LOUISIANA

A TRUE COPY
DATE: [illegible]
Deputy Clerk, Ex-Officio, Recorder, Iberville Parish, Louisiana

Page 8 of 9

Facsimile - (504) 581-1670
*Attorney for Plaintiff*

**PLEASE SERVE:**

**TOTAL PETROCHEMICALS & REFINING USA, INC.**
Through its agent for service of process
CT Corporation
5615 Corporate Boulevard, Ste. 400B
Baton Rouge, LA 70808

**TURNER INDUSTRIES GROUP**
Through either of its registered agents
John H. Fenner, III
Max C. Marx
8687 United Plaza Boulevard
Baton Rouge, LA 70809

**BRAND ENERGY AND INFRASTRUCTURE SERVICES, INC.**
Through its agent for service of process
CT Corporation
5615 Corporate Boulevard, Ste. 400B
Baton Rouge, LA 70808

**FRYOUX BARGE CONSULTANTS, INC.**
Through its registered agent
J. Raymond Fryoux
19 Elmwood
Destrahan, LA 70047

**FRYOUX CONSULTING, L.L.C.**
Through its registered agent
J. Raymond Fryoux
19 Elmwood
Destrahan, LA 70047

**FRYOUX TANKERMAN SERVICE, INC.,**
Through its registered agent
James R. Fryoux, II
28 Houmas Drive
Destrehan, LA 70047

**FRYOUX MARINE, L.L.C.**
Through its registered agent
James R. Fryoux, II
113 Sommerset Street
Laplace, LA 70068

FILED
2014 FEB 10  A 10: 56

DY CLERK-EX OFFICIAL
IBERVILLE, LOUISIANA