UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOGAN MILSTEAD

VERSUS

TOTAL PETROCHEMICALS & REFINING
USA, INC., ET AL.

CIVIL ACTION

NUMBER 14-148-JJB-SCR

**<u>NOTICE</u>**

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

      In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Baton Rouge, Louisiana, July 18, 2014.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOGAN MILSTEAD

VERSUS

TOTAL PETROCHEMICALS & REFINING
USA, INC., ET AL.

CIVIL ACTION

NUMBER 14-148-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is a Motion to Remand filed by plaintiff Logan Milstead. Record document number 11. The motion is opposed.[1]

Plaintiff filed a Petition for Damages in state court seeking recovery for injuries allegedly sustained as a result of an accident that occurred on a floating dock owned by defendant Total Petrochemicals & Refining USA, Inc (Total). Plaintiff alleged that he was employed with SGS North America, Inc. as a dockman and assigned to test chemicals that were transferred from the Total plant onto barges or ships that moored to a floating dock owned by Total. The chemicals were transferred from the plant to the barges by using a loading arm that was attached to the Total chemical hoses. Plaintiff assisted in unlocking the loading arm to allow

---

[1] Record document numbers 18, 19, and 20, filed by defendants Total Petrochemicals & Refining USA, Inc., Fryoux Tankerman Services, Inc., and Brand Energy & Infrastructure Services, respectively. Plaintiff filed a reply memorandum and a subsequent supplemental memorandum. Record document numbers 23 and 35. Defendant Total Petrochemicals & Refining USA, Inc. filed a supplemental opposition memorandum.

connections to a barge or ship.

On December 14, 2013, the plaintiff alleged that as he was responding to employees from a barge owned by defendant Fryoux Tankerman Services, Inc. that was moored to the Total dock, the Total loading arm broke, causing its counterweight to fall on the plaintiff's leg. Plaintiff asserted that employees of defendants Turner Industries Group, LLC and Brand Energy and Infrastructure Services, Inc. were aboard the floating dock the day of the accident and had positioned the scaffolding and other equipment which caused him to be in the hazardous location. Plaintiff alleged that his accident was caused by various negligent acts committed by the defendants, which are within the purview of general maritime law. Plaintiff also requested a jury trial.

Defendant Total removed the action asserting that this court has original jurisdiction over the plaintiffs' general maritime claims under 28 U.S.C. § 1333 and that these claims are removable under 28 U.S.C. § 1441. Plaintiff moved to remand the case to state court based on the argument that remand is necessary to preserve his request for a jury trial. Because the federal courts do not grant jury trials in general maritime and admiralty case, the saving to suitors clause in § 1333 prohibits removal of his case under § 1441.

In the alternative, the plaintiff argued that the case law relied on by the defendants to support the removability of the

general maritime claims incorrectly interprets the impact of the amended version of § 1441, and cited other district court cases within the Fifth Circuit which have held that cases are not removable under § 1333.

**Applicable Law**

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995). The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns. *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

**Removal of General Maritime Claims**

Under 28 U.S.C. § 1333 federal district courts have original jurisdiction over admiralty and maritime cases, saving to suitors in all cases all other remedies to which they are otherwise entitled. The Fifth Circuit has historically held that general maritime claims saved to suitors were not of themselves removable

pursuant to § 1441(b), which prior to 2012 stated:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003), citing, *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79, 79 S.Ct. 468,(1959).

The Fifth Circuit court reasoned that because general maritime claims did not arise under the Constitution, treaties or laws of the United States, § 1441(b) was an Act of Congress which prevented removal of such claims alone. Maritime claims were considered "other such action[s]" which required a separate basis for federal question jurisdiction or diversity jurisdiction to be removed. *Id*.

Section 1441 was amended in December 2011 and now reads, in relevant part, as follows:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

4

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[2]

In his state court petition the plaintiff requested a jury trial. Under Rule 38(a), Fed.R.Civ.P., "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate." Rule 38(e) clarifies that a right to a jury trial is not created under Rule 38 on issues in a claim that is an admiralty or maritime claim under Rule 9(h).

The Supreme Court has determined that "[t]rial by jury is an obvious, but not exclusive, example of the remedies available to suitors" under the saving to suitors clause. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55, 121 S.Ct. 993 (2001).

Thus, the issue before the Court is whether a general maritime claim which falls under § 1333 is removable under the current version of § 1441 when a jury trial is requested by the plaintiff in his state court petition.

---

[2] Prior to the amendment, § 1441(a) provided, in relevant part, as follows:
  a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

5

## Analysis

Defendants have failed to establish that the plaintiff could have the claims presented in his petition tried by a jury in federal court. A review of the plaintiff's petition shows that his claims rest solely in general maritime law. While the defendants acknowledge that a trial by jury is a remedy that is saved to suitors under § 1333, they argue that a jury trial in a maritime claim can be held in federal court.

To support this argument, the defendants relied on language from *Fitzgerald v. United States Lines, Co.*,[3] in which the Supreme Court stated that a trial by jury in a maritime claim is not prohibited by the Seventh Amendment or any other provision in the Constitution. In *Fitzgerald*, the Supreme Court held that where the federal district court was presented with a complaint which joined an admiralty claim (maintenance and cure claim) for which there is no right to a jury trial, with a claim which has a jury right (Jones Act claim), and both claims arise out of one set of facts, the plaintiff was entitled to a jury trial on both claims. However, the plaintiff's claims in this case are distinguishable from those in *Fitzgerald* because here the claims rest solely on general maritime law. No claim in the plaintiff's petition carries

---

[3] 374 U.S. 16, 83 S.Ct. 1646 (1963).

a right to a jury in federal court.[4]

Defendants argued that § 1333 should be read in conjunction with Rule 38(a) and interpreted to provide the plaintiff with a jury trial right in federal court since he sought that right in state court. This argument is unfounded and contradicts the Fifth Circuit's long-standing rule that the right to a trial by jury is precluded if a claim based on maritime law proceeds in federal court.[5] Section 1333 has been held to *preserve* common law remedies of maritime suitors.[6] It has not been applied to create rights that have not historically been available in federal court.

No statute, rule or binding precedent provides a plaintiff with only a general maritime claim a right to a jury trial in this court.[7] Since there is no other basis on which to grant the plaintiff's request for a jury trial in federal court, removal would deprive the plaintiff of this remedy. Thus, the saving to suitors clause prohibits the removal of the plaintiff's claims in

---

[4] *See*, *Lewis*, *supra* (maritime claims that are removed pursuant to federal question jurisdiction and/or federal diversity jurisdiction retain the right to a jury trial in federal court).

[5] *Hamm v. Island Operating Co., Inc.*, 450 Fed.Appx. 365, 369 (5th Cir. 2011); *Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011).

[6] *Lewis*, 531 U.S. at 445; *see also*, *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996).

[7] The court agrees with the analysis and conclusion on this issue in *Barry v. Shell Oil Company*, 2014 WL 775662 (E.D.La. Feb. 25, 2014).

this case.

In light of this finding, the parties' arguments concerning the removability of the plaintiff's general maritime claims under the amended version of § 1441 do not need to be addressed.

**Conclusion**

Defendants have failed to demonstrate that the plaintiff can maintain his request for a trial by jury in this court. Therefore, pursuant to the saving to suitors clause in § 1333, this action should be remanded to state court.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Logan Milstead be granted.

Baton Rouge, Louisiana, July 18, 2014.

                                       /s/ Stephen C. Riedlinger
                                       STEPHEN C. RIEDLINGER
                                       UNITED STATES MAGISTRATE JUDGE